**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 114309

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| John Weiss and Adria Johnson, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LTD Financial Services Limited Partnership,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

John Weiss and Adria Johnson (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against LTD Financial Services Limited Partnership (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff John Weiss is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Adria Johnson is an individual who is a citizen of the State of New York residing in Nassau County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant LTD Financial Services Limited Partnership, is a Texas Limited Partnership with a principal place of business in Harris County, Texas.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12. Plaintiffs' respective Debts were each incurred

13. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

14. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

15. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

16. In its efforts to collect the debt alleged owed by Plaintiff Weiss, Defendant contacted Plaintiff Weiss by letter ("the Weiss Letter") dated June 9, 2017. ("**Exhibit 1**.")

17. In its efforts to collect the debt alleged owed by Plaintiff Johnson, Defendant contacted Plaintiff Johnson by letter ("the Johnson Letter") dated June 27, 2017. ("**Exhibit 1**.")

18. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

19. 15 U.S.C. § 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

20. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

21. The Letters each contain settlement offers entitled "SETTLEMENT IN FULL OFFER."

22. The Letters each state, "Acceptance of this settlement offer, selecting a repayment option and payment by the due date will settle this debt in full with the current creditor."

23. The Letters each set forth two settlement Payment Plan options, including dates certain by which the first payment (and successive payments, if applicable) must be made.

24. While a settlement offer in and of itself is not improper, such offer runs afoul of the FDCPA if it impresses upon the least sophisticated consumer that if she does not pay by the settlement deadline, she will have no further opportunity to settle her debt for less than the full amount.

25. Upon being presented with such offer, the least sophisticated consumer could be materially misled into remitting payment or entering into a repayment plan she may not be able to afford, for fear of being subjected to additional collection efforts for the full amount of the debt when, in fact, settlement offers are frequently renewed if the consumer fails to accept the initial offer.

26. It has been held that these concerns can be adequately addressed by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007).

27. The phrase "we are not obligated to renew this offer" adequately conveys to the least sophisticated consumer that there is a renewal possibility, but also that it is not assured.

28. The Letters do not state "we are not obligated to renew this offer," nor do they include any kind of substantially similar language.

29. The least sophisticated consumer would likely be misled by the settlement offers.

30. The least sophisticated consumer would likely be misled in a material way by the settlement offers.

31. Defendant has violated 15 U.S.C. § 1692e by way of using a false, deceptive, or misleading representation or means in its attempt to collect Plaintiffs' respective Debts.

**CLASS ALLEGATIONS**

32. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a

3

consumer debt through the use of a collection substantially similar to those at issue herein that include one or more settlement offers but fail to state "we are not obligated to renew this offer," from one year before the date of this Complaint to the present.

33. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

34. Defendant regularly engages in debt collection.

35. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts through the use of a collection substantially similar to those at issue herein that include one or more settlement offers but fail to state "we are not obligated to renew this offer."

36. Plaintiffs' claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

37. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

38. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

39. Plaintiffs hereby demand a trial of this action by jury.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiffs' costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: June 7, 2018

**BARSHAY SANDERS, PLLC**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 114309

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530